IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAVIS DWAYNE CHANEY                                              PLAINTIFF

                    v.                      Civil No. 13-2089

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Travis Chaney, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI")  under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

The Plaintiff filed his applications for DIB and SSI on April 20, 2006, alleging an onset date of January 1, 2004[2], due to due to chronic back pain, arthritis, pain in his left ankle, a hole in his left retina, a herniated disk in his back, pinched nerves, muscle spasms, osteoarthritis, hypertension, and obesity.  Tr. 78, 102, 108-109, 130-135.  An administrative hearing was held on October 6, 2008, resulting in an unfavorable decision on February 6, 2009.  Tr. 14-31, 454-

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]This was amended from January 2, 2003, at the hearing on remand.  Tr. 500.

496. The matter was ultimately appealed to this Court, and remanded on February 2, 2011. Tr. 525-533.

On December 9, 2011, a second administrative hearing was held. Tr. 837-864. Plaintiff was present and represented by counsel. At this time, he was 38 years old and possessed a high school education and two years of college credit. Tr. 461-462. He had past relevant work ("PRW") as an electrician's mate, press mill operator, and a clerk. Tr. 90-91, 103, 131.

On November 30, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's degenerative disk disease ("DDD") of the lumbar spine, small bilateral calcaneal spurs, hypertension, obesity, anxiety, and mood disorder did not meet or equal any Appendix 1 listing. Tr. 503-505. After reviewing the record, including the Plaintiff's testimony, the ALJ found Plaintiff to be "less-than-fully credible." Tr. 505. He then determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a limited range of light work involving occasional climbing or stairs, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; no work at exposed heights or around dangerous moving machinery; and, unskilled work where the interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgments, and the supervision required is simple, direct, and concrete. Tr. 508. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a small product assembler, bakery line worker, and packing line worker. Tr. 510.

On October 30, 2014, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1-4. This case is before the undersigned by

2

by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 10, 11.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

3

1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.   The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

On appeal, Plaintiff contends that the ALJ made the following errors: 1) he made a number of unfounded allegations in his opinion, 2) did not appropriately consider the effectiveness and side effects of Plaintiff's medication or third party observations as mandated by *Polaski v. Heckler*, and 3) did not properly evaluate the opinion evidence pursuant to 20 C.F.R. § 404.1527.

4

**A.    Unfounded allegations**:

The ALJ was required to consider all the evidence relating to Plaintiff's subject complaints, including evidence presented by third parties that relates to: 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of his pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of his medication; and, 5) function restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount the Plaintiff's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff contests a number of the grounds used by the ALJ to discredit his subjective complaints. While we do agree that the ALJ made some mistakes in his recitation of the facts, we find that the ALJ's errors do not mandate reversal.  When the Plaintiff filed for divorce and whether he represented himself during the initial proceedings or later proceedings pertaining to the custody of his daughter have little relevance to Plaintiff's disability determination.  His ability to represent himself at any time, even though the parties agreed to a custodial arrangement, is indicative that he possesses at least some skills and abilities necessary to perform work-related tasks.  And, while we do note that Plaintiff regularly used marijuana, rather than methamphetamine, during a large part of the relevant time period, this typographical error does not give rise to reversible error.  The mere fact that Plaintiff used an illegal substance during the relevant time period ,and in combination with prescribed narcotic/opiate pain medications and

5

Benzodiazepines, is certainly something the ALJ could consider in his credibility analysis. Whether the episode where Plaintiff passed out in his yard and was later involved in an altercation with police after refusing to leave church was caused by his attempt to abruptly stop taking Xanax or due to the combination of drugs in his system is unclear. We do, however, find that the ALJ properly considered the fact that these drugs were used in combination.

The evidence also makes clear that Plaintiff's treating psychiatrist, Dr. Wooten, was well aware of Plaintiff's periods of treatment noncompliance, but it does not indicate whether he was made aware of Plaintiff's continued marijuana use. So, it is certainly possible that Dr. Wooten's assessment was made without the knowledge and consideration of Plaintiff's marijuana use. And, again, this is a consideration clearly within the ALJ's purview.

The ALJ also asserts that Plaintiff was able to deal with school officials and participate in community events without difficulty. For instance, Plaintiff was able to help out with his church youth group and attend a car show and concert with his daughter. While it is true that Plaintiff reported some anxiety and difficulty while participating in these activities, he was able to participate. That ability to participate, in spite of his anxiety, provides some evidence of his ability to overcome his symptoms when he chooses to do so. And, the medical evidence of record reveals that Plaintiff's anxiety has improved with both medication and individual therapy. So, it is clear to the undersigned that the Plaintiff is capable of being around others and participating in some community activities.

We do find the ALJ's allegations that Plaintiff was drug seeking and was discontinued from pain management after his doctor refused to increase his pain medication dosages to be error. However, we note that this error alone does not warrant remand. As discussed above, it

6

is clear that there was substantial evidence to support the ALJ's credibility determination in this case.  Plaintiff's use of illegal drugs, whether it be methamphetamine or marijuana; Plaintiff's treatment noncompliance; the fact that he continued to look for work, in spite of his alleged disability; his involvement in church, assisting with the church youth group, and ability to be involved in his child's education and extracurricular activities; his ability to perform a number of exercises including walking and swimming; his ability to represent himself during custody proceedings against his ex-wife; his ability to perform a variety of household chores; his ability to attend masseuse school and practice as a masseuse during the relevant time period; and, his failure to be candid with all of his doctors regarding his marijuana use were all factors that worked to undermine Plaintiff's credibility.

**B.**   **Effectiveness and side effects of medications:**

Plaintiff also contends that the ALJ failed to properly consider the effectiveness and side effects of his medication.  However, our review of the ALJ's opinion reveals that he did take into consideration Plaintiff's medications, as well as his alleged side effects.  After noting that Plaintiff's medications reportedly made him drowsy, he made the following statement, "[b]ecause of his medication, he should not work at exposed heights or around dangerous moving machinery."   As these are the standard precautions given for individuals taking medication that could result in drowsiness, we can find no error here.

The ALJ also limited Plaintiff to light work involving only occasional climbing of stairs, stooping, kneeling, crouching, and crawling and no climbing of ladders, ropes, or scaffolds.  And, we note that Plaintiff generally reported his pain as a 8 before taking his medication and a 2 to a 3 after taking his medication.  He has also been able to swim and walk, which he reports

7

have also decreased his pain.  As such, we believe the ALJ's RFC assessment clearly takes into account the effectiveness and side effects of Plaintiff's medication.

### C.   **Opinion evidence:**

Plaintiff's last argument concerns the ALJ's treatment of the opinions of Drs. Wooten and Walker, Plaintiff's treating psychiatrist and primary care physician.  He contends that the ALJ erred in failing to give these opinions controlling weight.  A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole.  *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir.2005).  We will uphold an ALJ's decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Id. at 920-21 (internal quotations omitted).

In the present case, the ALJ properly pointed out that neither Dr. Wooten nor Dr. Walker made any notation concerning Plaintiff's illegal drug use.  This leads the undersigned to agree with the ALJ's contention that the Plaintiff was not completely candid with either of them, thereby preventing them from being able to accurately complete an RFC assessment.

We also note that Dr. Wooten and Ms. Lowery, Plaintiff's therapist, repeatedly assessed Plaintiff with a global assessment of functioning ("GAF") score of 55.  A GAF in this range is indicative of only moderate symptology.  *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).  Further, Dr. Wooten indicated that Plaintiff had

8

a history of medication noncompliance.  He even stopped taking all psychiatric medications, with the exception of Trazadone, with minimal symptoms.  And, the evidence reveals that Plaintiff was able to attend classes, participate in his daughter's education and extracurricular activities, participate in church group activities, and help out with the church youth group, in spite of his symptoms.  This is clearly in opposition to the extremely restrictive RFC assessment offered by Dr. Wooten.

Dr. Walker completed his assessment of Plaintiff in September 2006.  At that time, however, Plaintiff was both attending college and working as a massage therapist.  And, it appears that he relied more on Plaintiff's subjective complaints than on the absence of objective findings noted in his treatment notes.  *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that the ALJ may give less weight to a medical opinion that is based largely on subjective complaints rather than on objective medical evidence).  Since the completion of this assessment, medical evidence implies that Plaintiff's condition has been responsive to medication.  *See Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling).  He has fairly consistently rated his pain after medication as a 2 or a 3.  Further, Plaintiff enjoys swimming and walking, stating that it has improved his overall pain level.  He also performs various household chores and cares for his daughter, including attending her extracurricular activities, and has reported giving his friends and family massages.  Accordingly, we find that the ALJ was correct in failing to assign controlling weight to the assessments of Drs. Wooten and Walker.

9

**V.      Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of August 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

10